LONG, Presiding Judge.
Kirk Rowser appeals from the summary dismissal of his petition for a writ of habe-as corpus in which he contends that the Alabama Department of Corrections (“DOC”) has miscalculated his release date from prison.
The claim in Rowser’s petition concerns the sentences imposed on him for five convictions in the Marengo Circuit Court. On March 12, 1998, Rowser was sentenced to 15 years’ imprisonment for each of the five convictions. Rowser maintains that the trial court ordered all five of the sentences to run concurrently and that, consequently, his total prison time for the five convictions is 15 years. Rowser contends, however, that DOC has incorrectly calculated his total time for the five convictions to be 45 years and that, as a result of this miscalculation, DOC has miscalculated his release date from prison.
The State’s motion to dismiss Rowser’s petition contained a general denial of Row-ser’s allegations. The State attached to its motion the affidavit of Kathy Holt, DOC’s assistant corrections-records director, who averred that, contrary to Rowser’s allega *338 tions, the trial court did not order that all five of Rowser’s 15-year sentences run concurrently; that two of the sentences were ordered to run consecutively; that, as a result, Rowser’s total time for the five convictions was 45-years; and that DOC used this 45-year figure to correctly calculate Rowser’s release date from prison. The State also attached to its motion a worksheet purporting to show the manner in which DOC had calculated Rowser’s release date; a computer printout of DOC’s inmate-summary sheet for Rowser; and certified copies of Marengo Circuit Court “conviction reports” for each of the five convictions for which Rowser was sentenced on March 12,1998.
While we agree that the materials the State submitted in support of its motion to dismiss Rowser’s petition sufficiently establish that the trial court did not, as Rowser claims, order all five of Rowser’s 15-year sentences to be served concurrently, we are not convinced that these materials also establish that DOC correctly calculated Rowser’s release date from prison. The worksheet purporting to show the manner in which DOC calculated Row-ser’s release date presupposes the correctness of DOC’s underlying calculation of Rowser’s total prison time. However, the State has not established, for this court or the circuit court, the method by which DOC determined Rowser’s total prison time to be 45 years.[1] Most significantly, the certified copies of the conviction reports for Rowser’s five convictions actually appear to suggest that Rowser’s total prison time for these convictions is SO years, not 45 years. The conviction reports reflect that the trial court ordered that the 15-year sentences for three of Rowser’s convictions would run concurrently, and ordered that the 15-year sentences for Rowser’s remaining two convictions would run concurrently with each other. If, as these records suggest, Rowser’s total prison time is 30 years, then DOC has miscalculated Rowser’s release date from prison.
Because of the apparent conflict in the facts relating to Rowser’s total prison time, resolution of which might entitle Rowser to habeas relief on his claim that DOC has miscalculated his release date from prison, we remand this case to the Jefferson Circuit Court with directions that that court hold a hearing to determine (1) the method by which DOC calculated Rowser’s total prison time, (2) Rowser’s total prison time, and (3) whether DOC has correctly calculated Rowser’s release date from prison. A return to remand should be filed with this court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. On this matter, we consider the computer printout of DOC’s inmate-summary sheet for Rowser to be of no help.

 Note from the reporter of decisions: On October 20, 2000, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.